UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN NEWMAN<br>259 Blue Stone Hills Drive<br>Harrisonburg, VA 22801<br><br>    Plaintiff,<br><br>  v.<br><br>DRUG ENFORCEMENT<br>ADMINISTRATION,<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001, and<br><br>FEDERAL BUREAU OF<br>INVESTIGATION,<br>935 Pennsylvania Ave, NW<br>Washington, DC 20535, and<br><br>EXECUTIVE OFFICE OF<br>UNITED STATES ATTORNEYS<br>United States Department of Justice<br>950 Pennsylvania Avenue, NW,<br>Room 2242<br>Washington, DC 20530-0001,<br><br>    Defendants. | Civil Action No.  1:21-cv-307 |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

### JURISDICTION AND PARTIES

1. Plaintiff brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S. C. § 2201, et seq. ("DJA").

1

2. Plaintiff JOHN NEWMAN ("NEWMAN") is a retired Army officer who is presently employed as a political science professor at James Madison University in Harrisonburg, Virginia.  NEWMAN teaches related classes and seminars on the Kennedy presidency at James Madison University, presents educational materials on the Kennedy presidency at various seminars and colloquia, and publishes results of his research in the form of books and articles.  NEWMAN is currently compiling scholarly research on the presidency of John F. Kennedy for use in publications, the classes he teaches and for other educational purposes and distributional fora.

3. As a result of his scholarly research into the Kennedy administration, the case of a former Cuban exile, Manuel Antonio Carlos Veciana Blanche ("VECIANA"), has become of critical interest and importance to several questions that have arisen. On 13 March 1974 VECIANA was sentenced to two concurrent seven-year terms, with an additional special parole of three years. VECIANA was incarcerated in the United States Penitentiary in Atlanta by the United States District Court for the Southern District of New York after a conviction on drug charges. VECIANA was released on parole in mid-February 1976. VECIANA died 18 June 2020.

4. NEWMAN sought records related to VECIANA by filing FOIA requests as described hereafter.

5. Defendant DRUG ENFORCEMENT ADMINISTRATION ("DEA") is an agency of the United States and has possession and control over information and records that are the subject of this action.

6. Defendant FEDERAL BUREAU OF INVESTIGATION ("FBI") is an agency of the United States and has possession and control over information and records that are the subject of this action.

7. Defendant EXECUTIVE OFFICE OF UNITED STATES ATTORNEYS ("EOUSA") is an agency of the United States and has possession and control over information and records that are the subject of this action.

## I – DEA CLAIM

8. Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 7 above.

9. By a letter dated 18 September 2020 counsel for NEWMAN submitted by electronic mail a request under the FOIA to the defendant DEA. The request sought:

   A. Any and all records in your possession or control relating to or regarding the opening of an investigation of Mr. Veciana's that was related to, or lead to, the indictments in case numbers 73-CR-793 and 74-CR-7 in the Southern District of New York including any records related to investigations and prosecutions in the Southern District of New York or in any other jurisdiction including but not limited to your offices in Florida and Puerto Rico.
   B. Any and all correspondence in your possession or control relating to or regarding Mr. Veciana including any and all correspondence between the Office of the United States Attorney for the Southern District of New York, the United States Parole Commission, or any other branch or department of the United States government or any state government or foreign government related to or regarding the investigations related to, regarding, or leading to the indictments and prosecution in case numbers 73-CR-793 and 74-CR-7 in the Southern District of New York.
   C. Any and all telephone call records in your possession or control relating to or regarding the investigation and prosecution of the charges in case numbers 73-CR-793 and 74-CR-7 in the Southern District of New York.
   D. Any and all recordings of any type of any interview, telephone call, or other event in your possession or control relating to or regarding the investigation and prosecution of the charges in case numbers 73-CR-793 and 74-CR-7 in the Southern District of New York.
   E. Any and all transcripts of any and all recordings of any type of any interview, telephone call, or other event in your possession or control relating to or regarding

the investigation and prosecution of the charges in case numbers 73-CR-793 and 74-CR-7 in the Southern District of New York.

- F. Any and all photographs in your possession or control relating to or regarding Mr. Veciana related to, regarding, or arising from the investigation and prosecution of the charges in case numbers 73-CR-793 and 74-CR-7 in the Southern District of New York.
- G. Any and all reports prepared pursuant to 18 U.S.C § 4208, in effect at the time of Mr. Veciana's incarceration and parole, in your possession or control relating to or regarding Mr. Veciana.
- H. Your full file on case numbers the investigation and prosecution of case numbers 73-CR-793 and 74-CR-7 in the Southern District of New York.
- I. On November 28, 1977, the FBI's San Juan Field Office requested by teletype that FBI Headquarters "CONTACT DEA HEADQUARTERS IN AN EFFORT TO DETERMINE THE REASON FOR VECIANA'S EARLY RELEASE FROM PRISON. IT WOULD BE IMPORTANT TO KNOW WHETHER DEA CONSULTED WITH ANY GOVERNMENT OFFICIALS CONCERNING THE FACT THAT VECIANA CLAIMED TO HAVE PERTINENT KNOWLEDGE OF THE KENNEDY ASSASSINATION." Please provide any and all records in regard to or relating to any inquiry, correspondence, notes or other communication made by the Federal Bureau of Investigation and any and all records of any and all responses or other communication to the FBI in regard to or relating to Veciana's parole and/or discussions with other government officials about Veciana's knowledge of the Kennedy Assassination. A copy of the teletype is attached for your reference.
- J. If you claim that a record responsive to requests A to H above has been destroyed in whole or in part, please provide any and all records of that destruction, including but not limited to records indicating the date of destruction, a description of exactly what was destroyed, any cited authority for the destruction, and any identifying information regarding the person(s) who accomplished and recorded the destruction.

NEWMAN'S request also sought a search and copy fee waiver, and asked that a search be conducted using all reasonable variations of the name "Manual Antonio Carlos Veciana Blanche." The request specifically asked that records in field offices in the Southern District of New York, Florida and Puerto Rico be searched for records responsive to the request. *See* Ex. 1.

10. By a letter addressed to NEWMAN's counsel dated 21 October 2020, Defendant DEA responded to NEWMAN's 18 September 2020 FOIA request and assigned the request the case number 20-00681-F. *See* Ex. 2.

11. On 21 October 2020 the DEA advised NEWMAN that it was of the opinion that the "Executive Office of United States Attorney was the component within the Department of Justice responsible for responding to FOIA/PA requests for information that is maintained by the USAO." The DEA further advised that no further action would be taken by it on NEWMAN's request for documents in the possession and control of the DEA. DEA administratively closed the request although it did say it had forwarded the request to EOUSA for possible further action. *Id*.

12. On November 13, 2020, NEWMAN filed an appeal of the DEA final determination of 21 October 2020 through the Department of Justice's online filing portal. *See* Ex. 3. The appeal pointed out that NEWMAN's request of 18 September 2020 had not sought the United States Attorney's records but the investigative records of the Defendant DEA to whom the request had been directed. Consequently, DEA failed to carry out a good faith search for records under its possession or control as required by the FOIA. *Id.*

13. On 13 November 2020 the Office of Information Policy (OIP) of the Department of Justice (DOJ) acknowledged receipt of the appeal by a letter delivered via electronic mail to counsel for NEWMAN. OIP assigned number A-2021-00285 to the appeal. *See* Ex. 4.

14. On 10 December 2020 OIP by a letter delivered via electronic mail to counsel for NEWMAN affirmed the DEA determination of 21 October 2020 on "partly modified grounds." OIP advised that DEA had conducted a search for responsive records although no such indication that any search had been made was given in the 21 October 2020 determination. OIP further advised "that any potentially responsive records were destroyed in July 2011…." Based on that representation OIP advised that it had

determined "that DEA's response was correct and that it conducted an adequate, reasonable search for responsive records." *See* Ex. 5.

15. On 17 November 2020 EOUSA posted a cryptic FOIA submission detail online which, upon information and belief, may be an acknowledgment of the DEA referral of NEWMAN's request to EOUSA. *See* Ex. 6. No other or further response has been made to Plaintiff from EOUSA after the supposed DEA forwarding of the 24 July 2020 FOIA request to it.

16. NEWMAN has exhausted his administrative remedies in regard to the 18 September 2020 FOIA request to DEA.

17. NEWMAN has a legal right under the FOIA to obtain the records he seeks from the DEA, and there is no legal basis for DEA's denial of said right.

## II. – FBI CLAIM

18. Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 7 above.

19. By a certified letter dated 24 July 2020 counsel for NEWMAN submitted a request under the FOIA to the defendant FBI. The request sought:

   A.   Any and all records in your possession or control relating to or regarding the opening of an investigation of Mr. Veciana's that was related to, or lead to, the indictments in case numbers 73-CR-793 and 74-CR-7 in the Southern District of New York including any records related to investigations and prosecutions in the Southern District of New York or in any other jurisdiction including but not limited to your offices in Florida and Puerto Rico.
   B.   Any and all correspondence in your possession or control relating to or regarding Mr. Veciana including any and all correspondence between the Office of the United States Attorney for the Southern District of New York, the United States Parole Commission, or any other branch or department of the United States government or any state government or foreign government related to or regarding the investigations related to, regarding, or leading to the indictments and prosecution in case numbers 73-CR-793 and 74-CR-7 in the Southern District of New York.

    C.    Any and all telephone call records in your possession or control relating to or regarding the investigation and prosecution of the charges in case numbers 73-CR-793 and 74-CR-7 in the Southern District of New York.

    D.    Any and all recordings of any type of any interview, telephone call, or other event in your possession or control relating to or regarding the investigation and prosecution of the charges in case numbers 73-CR-793 and 74-CR-7 in the Southern District of New York.

    E.    Any and all transcripts of any and all recordings of any type of any interview, telephone call, or other event in your possession or control relating to or regarding the investigation and prosecution of the charges in case numbers 73-CR-793 and 74-CR-7 in the Southern District of New York.

    F.    Any and all photographs in your possession or control relating to or regarding Mr. Veciana related to, regarding, or arising from the investigation and prosecution of the charges in case numbers 73-CR-793 and 74-CR-7 in the Southern District of New York.

    G.    Any and all reports prepared pursuant to 18 U.S.C § 4208, in effect at the time of Mr. Veciana's incarceration and parole, in your possession or control relating to or regarding Mr. Veciana.

    H.    Your full file on case numbers the investigation and prosecution of case numbers 73-CR-793 and 74-CR-7 in the Southern District of New York.

    I.    If you claim that a record responsive to requests A to H above has been destroyed in whole or in part, please provide any and all records of that destruction, including but not limited to records indicating the date of destruction, a description of exactly what was destroyed, any cited authority for the destruction, and any identifying information regarding the person(s) who accomplished and recorded the destruction.

NEWMAN'S request also sought a search and copy fee waiver, and asked that a search be conducted using all reasonable variations of the name "Manual Antonio Carlos Veciana Blanche." The request specifically asked that records in field offices in the Southern District of New York, Florida and Puerto Rico be searched for records responsive to the request in addition to searching the Central Records System (CRS). *See* Ex. 7.

20.    Defendant FBI received NEWMAN's FOIA request on 27 July 2020. *See* Ex. 8.

21.    By letter dated 3 August 2020 the FBI acknowledge receipt of NEWMAN's 24 July 2020 FOIA request and assigned it FOIPA Request No. 1471658-000. The letter advised that NEWMAN's public interest fee waiver was under consideration and that NEWMAN

"will be advised of the decision if fees are applicable." The letter also advised that as "an educational institution, noncommercial institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552(a)(4)(ii)(III)." *See* Ex. 9.

22. By a determination letter dated 18 August 2020 FBI advised that it had conducted a search and were unable to "identify records responsive to your request." It also advised that potentially responsive records had been transferred to the National Archives and referenced file number 105-HQ-184784. *Id.*

23. By a certified letter to OIP dated 28 September 2020 NEWMAN appealed the FBI's 18 August 2020 determination. *See* Ex. 10.

24. On 20 October 2020 a letter delivered by electronic mail from OIP to counsel for NEWMAN acknowledged receipt of the appeal. OIP assigned number A-2021-00047 to the appeal. *See* Ex.11.

25. To date OIP has taken no action on appeal number A-2021-00047 and more than 30 days have passed since the filing of the appeal. NEWMAN has exhausted his administrative remedies in regard to the 18 September 2020 FOIA request to DEA.

26. NEWMAN has constructively exhausted his administrative remedies in regard to his 24 July 2020 FOIA request to the FBI.

27. NEWMAN has a legal right under the FOIA to obtain the records he seeks from the FBI and there is no legal basis for the FBI's denial of said right.

III. – EOUSA CLAIM

28. Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 7, and paragraphs 11 and 15, above.

29. By a certified letter dated 24 July 2020 counsel for NEWMAN submitted a request under the FOIA to the defendant EOUSA. The request sought:

   A. Any and all records in your possession or control relating to or regarding Mr. Veciana's parole from prison.
   B. Any and all correspondence in your possession or control relating to or regarding Mr. Veciana including any and all correspondence between the Office of the United States Attorney for the Southern District of New York and the United States Parole Commission.
   C. Any and all telephone call records in your possession or control relating to or regarding the investigation and prosecution of the charges in case numbers 73-CR-793 and 74-CR-7 in the Southern District of New York.
   D. Any and all recordings of any type of any interview, telephone call, or other event in your possession or control relating to case numbers 73-CR-793 and 74-CR-7 in the Southern District of New York.
   E. Any and all transcripts of any and all recordings of any type of any interview, telephone call, or other event in your possession or control relating to or regarding case numbers 73-CR-793 and 74-CR-7 in the Southern District of New York.
   F. Any and all photographs in your possession or control relating to or regarding Mr. Veciana.
   G. Any and all reports prepared pursuant to 18 U.S.C § 4208, in effect at the time of Mr. Veciana's incarceration and parole, in your possession or control relating to or regarding Mr. Veciana.
   H. Your full file on case numbers 73-CR-793 and 74-CR-7 in the Southern District of New York.
   I. If you claim that a record responsive to requests A to H above has been destroyed in whole or in part, please provide any and all records of that destruction, including but not limited to records indicating the date of destruction, a description of exactly what was destroyed, any cited authority for the destruction, and any identifying information regarding the person(s) who accomplished and recorded the destruction.

NEWMAN'S request also advised the EOUSA that the subject of the request, VECIANA, had been indicted by a Grand Jury in the Southern District of New York on 10 August 1973 in case number 73-CR-793, styled *United States v. Antonio Veciana and Ariel Pomares*, which indictment was superseded on 4 January 1974 under the same style but bearing case number 74-CR-7. NEWMAN'S request also sought a search and copy fee waiver, and asked that a search be conducted using all reasonable variations of the name "Manual Antonio Carlos Veciana Blanche." *See* Ex. 12.

30. NEWMAN'S 24 July 2020 FOIA request was received by EOUSA on 31 July 2020. *See* Ex. 13.

31. To date, EOUSA has not responded to NEWMAN'S FOIA request of 24 July 2020.

32. To date, EOUSA has not responded to DEA's 21 October 2020 referral of NEWMAN'S 18 September 2020 request to it other than to acknowledge receipt of the referral.

33. More than 20 days have expired since 31 July 2020 when EOUSA received the DEA referral of NEWMAN's FOIA request of 24 July 2020 and EOUSA has not made any final determination on the request.

34. More than 20 days have expired since EOUSA received DEA's 21 October 2020 referral of NEWMAN'S 18 September 2020 request to DEA and EOUSA has not made any final determination on the request.

35. NEWMAN has constructively exhausted his administrative remedies in regard to his 24 July 2020 FOIA request to the EOUSA.

36. NEWMAN has constructively exhausted his administrative remedies in regard to DEA's 21 October 2020 referral to EOUSA of NEWMAN'S 18 September 2020 request to DEA.

37. NEWMAN has a legal right under the FOIA to obtain the records he seeks from the EOUSA and there is no legal basis for the EOUSA's denial of said right.

WHEREFORE, Plaintiff prays that this Court:

1. order Defendants to conduct a full good faith search for records responsive to Plaintiff's FOIA requests and to make all records responsive to that request promptly available to him;

2. order Defendants to conduct a thorough search for all information, materials and records responsive to the items set forth in Plaintiff's FOIA requests;

3. order Defendants to provide Plaintiff an inventory listing and describing all information, records and materials responsive to the items set forth in Plaintiff's FOIA requests;

4. order Defendants to provide Plaintiff an index correlated to the inventory of responsive documents and justifying any withheld documents or portions of documents;

5. order that Defendants grant Plaintiff's request for a waiver of fees;

6. order that any materials found by this Court to be exempt from disclosure be preserved by the Defendants until further order of this Court authorizes their destruction or release;

7. expedite this action in every way pursuant to 5 U.S.C. § 552 and 28 U.S.C. § 1657;

8. award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and the Equal Access to Justice Act, 28 U.S.C. § 2412; and

9. order such other and further relief as may be warranted.

> Respectfully submitted,
>
> /s/ Dan L. Hardway
>
> _____
> Dan L. Hardway #WV0001
> PO Box 625
> Cowen, WV 26206
> Phone (304) 449-4722
> Counsel for Plaintiff
> dan@hardwaylaw.com

Dated:  February 2, 2021